CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 27 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CEDRICK EURON DRAPER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00013 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MUY PIZZA SOUTHEAST LLC d/b/a | ) | By: Hon. Jackson L. Kiser |
| PIZZA HUT, | ) |     Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Cedrick Euron Draper ("Plaintiff"), proceeding *pro se*, filed two applications to proceed *in forma pauperis* in this Court on March 15, 2018. The accompanying Complaints represented Plaintiff's sixth and seventh attempts to sue his former employer. I denied both applications pursuant 28 U.S.C. § 1915, as his action had been dismissed with prejudice on a prior occasion and he had been instructed not to re-file the action. He ignored my instructions, so I issued an Order to Show Cause why he should not be sanctioned and enjoined from further filings in this Court. [ECF No. 4.] Plaintiff appeared before me on April 19, 2018, and was provided an opportunity to be heard. After careful review and consideration, and for the reasons stated herein, Plaintiff will be sanctioned pursuant to Rule 11 and enjoined from further filings in this district for two years unless he prepays the applicable filing fee.

### I.    BACKGROUND

Plaintiff has a history of litigation against every perceived injustice he faces. His first foray into federal practice began with a Complaint and application to proceed without prepaying fees or costs, commonly referred to as an application to proceed *in forma pauperis* ("IFP application"), filed on March 30, 2017. Draper v. Muy Pizza Hut Southeast LLC, et al., No.

4:17cv00018 (W.D. Va. 2017) (Kiser, J.). I denied his IFP application because the proposed complaint was facially deficient. Nevertheless, I permitted him the opportunity to pay the filing fee if he wished to proceed. At Plaintiff's request, I granted him an extension to pay the filing fee. While awaiting payment, Plaintiff submitted the following motions and pleadings: Motion for Deferral Fee Processing; Motion for Actions Within the Process of a Legal Compulsory/Permissive Joinder for Additional Defendants to Appear to Process Within the Case Filing Upon U.S. District Court Complaint Facts & Information; Amended Complaint; Motion to Grant EM/ECF Access; Motion for Reconsideration on his IFP application; Motion for Leave to File a Second Amended Complaint; Motion to Amend Caption Information of the Defendant Information; Motion to Amend Caption Information of the Main Plaintiff v Defendant Information; Brief/Memorandum re: Discrimination; Motion to Amend Defendants Last Names Upon Discovery of Information; Motion to Amend/Correct Defendant's Name; Notice of Current Financial Circumstances; Motion to Amend First Amended Amount of the Amended Complaint; Motion to Amend Amended Complaint's Exhibits and Attachments; Brief/Memorandum as to Virginia Employment Commissioner Hearing; and Additional Evidence.[1] Eventually, Plaintiff tendered a check to the clerk. That check was ultimately returned by Plaintiff's bank for insufficient funds. Because the filing fee was not paid, Plaintiff's action was dismissed. He then filed a Motion to Re-Open the Case, two letters regarding the unpaid filing fee, Additional Evidence, a Motion to Reconsider my Order denying his Motion to Re-Open the Case, and a Notice of Intent. His Notice of Intent stated: "Plaintiff will refile unless consideration of information released is not a reflection of proceeding with the new evidence and the initial amended complaint from beginning filed complaint." Id. [ECF No. 40].

---

[1] Plaintiff frequently files self-styled "Additional Evidence" in his cases.

On June 23, 2017, Plaintiff tried his suit again. See Draper v. Muy Pizza Hut Southeast LLC, et al., No. 4:17cv00042 (W.D. Va. 2017) (Kiser, J.). Again, his IFP application was denied, but he was given the opportunity to pay the filing fee. After filing a Motion for Reconsideration, Motion to Amend Plaintiff's Name, Motion Requesting Another Judge Oversee the Case, Additional Evidence, Amended Complaint, Motion for Extension of Time to Pay Fee, Motion to File a Second Amended Complaint, and Motion for Pretrial Conference, Plaintiff filed a Notice of Voluntary Dismissal. The case was accordingly dismissed.

For his third attempt, Draper v. Muy Pizza Southeast LLC, et al., No. 4:17cv00056 (W.D. Va. 2017) (Kiser, J.), Plaintiff filed a Complaint, IFP application, Notice of Appearance, Notice of Filing Motion for Joinder and Supporting Memorandum, Motion for Joinder, and Additional Evidence on August 14–15, 2017. Because he had delayed in filing his Complaint (not counting the time his prior actions had been pending), more than ninety (90) days had elapsed since he received his Notice of Right to Sue from the Equal Opportunity Employment Commission. Accordingly, I denied Plaintiff's IFP application and dismissed his case because the applicable statute of limitations had run.

Plaintiff's fourth and fifth attempts were filed four days later, on August 18, 2017, against "Muy Pizza Southeast LLC" as opposed to "Muy Pizza Hut Southeast LLC." See Draper v. Muy Pizza Southeast LLC, et al., No. 4:17cv00061 (W.D. Va. 2017) (Kiser, J.); Draper v. Muy Pizza Southeast LLC, et al., No. 4L17cv00062 (W.D. Va. 2017) (Kiser, J.). In both cases, I granted Plaintiff's IFP application but dismissed the actions with prejudice because Plaintiff had failed to correct the flaws of his prior filings and the statute of limitations barred his actions. I also stated in my Orders: "Plaintiff may not re-file this action." He was also advised, "[A]ny

future filings in any case in this court **must** comply with Federal Rule of Civil Procedure 11. Those that do not may result in monetary sanctions against Plaintiff."

Undeterred, Plaintiff attempted a sixth and seventh action against his former employer on March 15, 2018. See Draper v. Muy Pizza Southeast LLC, No. 4:18cv00012 (W.D. Va. 2018) (Kiser, J.); Draper v. Muy Pizza Southeast LLC, No. 4:18cv00013 (W.D. Va. 2018) (Kiser, J.). IFP applications in both cases were denied. In case number 4:18cv00012, after his IFP application was denied, Plaintiff filed the following: Additional Evidence; Motion to Seal Answer to Order; Motion to Quash; Motion to Amend Misnomer of Complaint; Motion to Reopen Case; and an Informal Bill of Exception. He then appealed the denial of his Motion to Reopen the Case. In case number 4:18cv00013, I issued the present Show Cause Order.

In response to the dismissal of case number 4:18cv00012, Plaintiff sued this Court. Draper v. United States District Court for the Western District of Virginia Danville Division, No. 4:18cv00017 (W.D. Va. 2018) (Kiser, J.). I denied his IFP application and dismissed his action.

But it seems that Pizza Hut is not the only employer with whom Plaintiff has issues. In August of 2017, Plaintiff filed three actions against Virginia Mirror Company. The first, filed August 14, was accompanied by a Notice of Appearance, a Notice of Filing Motion for Joinder and Supporting Memorandum, a Motion for Joinder, an Affidavit in Support of his Motion for Joinder, and Additional Evidence. See Draper v. Virginia Mirror Co., et al., No. 4:17cv00057 (W.D. Va. 2017) (Kiser, J.). After his action was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim (due to a lack of jurisdiction over the alleged causes of action), Plaintiff filed an Amended Complaint without leave of the Court. His second and third cases against Virginia Mirror were filed on August 18. See Draper v. Virginia Mirror Co., et al., No. 4:17cv00063 (W.D. Va. 2017) (Kiser, J.); Draper v. Virginia Mirror Co., et al., No. 4:17cv00064

(W.D. Va. 2017) (Kiser, J.). Both cases were dismissed for lack of jurisdiction, and Plaintiff was again advised about potential sanctions under Rule 11.

New River Valley Pizza, LLC, also came into Plaintiff's crosshairs. He has filed three suits against it. See Draper v. New River Valley Pizza, LLC, et al., No. 7:17cv00380 (W.D. Va. Aug. 15, 2017) (Urbanski, J.); Draper v. New River Valley Pizza, LLC, et al., No. 7:17cv00382 (W.D. Va. Aug. 16, 2017) (Urbanski, J.); Draper v. New River Valley Pizza, LLC, et al., No. 7:18cv00111 (W.D. Va. Aug. 15, 2017) (Conrad, J.). The first two were dismissed for lack of jurisdiction; the third remains pending.

March of 2018 brought three more lawsuits against one defendant. See Draper v. TMC Finance LLC, No. 6:18cv00035 (W.D. Va. Mar. 15, 2018) (Moon, J.) (dismissed as frivolous); Draper v. TMC Finance LLC, No. 6:18cv00036 (W.D. Va. Mar. 16, 2018) (Moon, J.) (ruling on IFP pending); Draper v. TMC Finance LLC, No. 6:18cv00037 (W.D. Va. Mar. 16, 2018) (Moon, J.) (dismissed as frivolous).

In addition to the above-referenced cases, Plaintiff filed several other lawsuits.[2] His case against Geico was transferred to the Eastern District of Virginia. Draper v. Geico Secure Insurance Company, No. 4:18cv00014 (W.D. Va. Mar. 15, 2018) (Kiser, J.). When a his two cases against the United States Postal Service were removed to federal court from the Charlottesville General District Court, see Draper v. United States Postal Serv., No. 3:18cv00009 (W.D. Va. Feb. 12, 2018) (Conrad, J.), Draper v. United States Postal Serv., No. 3:18cv00010

---

[2] Plaintiff also has eight cases pending in the Eastern District of Virginia. Draper v. Geico Secure Ins. Co., No. 2:18cv00141 (E.D. Va. Mar. 16, 2018) (transferred from the Western District of Virginia); Draper v. Midland Credit Mgmt., No. 3:18cv00175 (E.D. Va. Mar. 20, 2018); Draper v. Allstate Ins. Co., et al., 3:18cv00184 (E.D. Va. Mar. 21, 2018); Draper v. Avis Rent a Car System, LLC, No. 3:18cv00214 (E.D. Va. Mar. 22, 2018); Draper v. SunTrust Bank, No. 3:18cv00214 (E.D. Va. Mar. 30, 2018); Draper v. SunTrust Bank, No. 3:18cv00216 (E.D. Va. Mar. 30, 2018); Draper v. Adecco USA, Inc., No. 3:18cv00236 (E.D. Va. Apr. 9, 2018); Draper v. Adecco USA, Inc., No. 3:18cv00248 (E.D. Va. Apr. 16, 2018).

(W.D. Va. Feb. 12, 2018) (Conrad, J.), he sued the Charlottesville General District Court for violating the Administrative Procedures Act. Draper v. Charlottesville General District Court, No. 3:18cv00022 (W.D. Va. Apr. 2, 2018) (Conrad, J.) (ruling on IFP pending).

Other cases include: Draper v. Pinkerton Chevrolet-Lynchburg, No. 6:18cv00049 (W.D. Va. Apr. 3, 2018) (Moon, J.) (dismissed as frivolous), Draper v. Adecco USA, Inc., No. 6:18cv00050 (W.D. Va. Apr. 3, 2018) (Moon, J.) (dismissed as frivolous); Draper v. Skaff, No. 7:18cv00159 (W.D. Va. Apr. 9, 2018) (Urbanski, J.) (dismissed for lack of jurisdiction); and Draper v. Henry County General District Court and Halifax County General District Court, No. 4:18cv00021 (W.D. Va. Apr. 16, 2018) (Kiser, J.) (dismissed as frivolous).

To date, Plaintiff has filed 26 cases in the Western District of Virginia. Eighteen have been dismissed by the court; five remain pending; two were voluntarily dismissed by Plaintiff; and one was transferred to another court.

As a result of his refusal to comply with this court's directions and his abuse of the IFP statute, I issued an Order to Show Cause as to why he should not be sanctioned and enjoined from further filings in this court. I set the matter for a hearing on April 19, 2018, at which time Plaintiff appeared and presented his argument. This matter is now ripe for disposition.

## II. DISCUSSION

### a. Rule 11 Sanctions

Federal Rule of Civil Procedure 11 authorizes sanctions against a party, even an unrepresented one, who files a frivolous pleading. "[A]n argument constitutes a frivolous legal position for Rule 11 sanctions if, under the objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands." Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2nd Cir. 1995) (quoting Caisse

Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc., 28 F.3d 259, 264 (2nd Cir. 1994)). This objective standard "requires no bad faith or otherwise culpable state of mind." In re Farhid, 171 B.R. 94 (N.D. Cal. 1994) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46–48 (1991)). The application of Rule 11 must be made in conjunction with and to further the rule's central purpose: "to deter baseless filings in the District Courts and thus . . . streamline the administration and procedures of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

Turning to Plaintiff's various actions against Muy Pizza Hut Southeast LLC, it is important to consider his allegations in each action. In his first case, Plaintiff alleged:

> Verbal and Non-verbal communications methods within the General Manager's management performance upon my working position with the Ridgeway Virginia store single-handily separate my individual placement physically and mentally on the count of several events to distinguish an unequally/unethical working environment. Events were directed toward the EEOC office.

Compl., Draper v. Muy Pizza Hut Southeast, LLC, et al., No. 4:17cv00018, ECF No. 2-1 (W.D. Va. Mar. 30, 2017) [*sic* throughout]. His Complaint also included his Notice of Right to Sue, issued by the EEOC. Id. [ECF No. 2-2]. His second action included similar allegations, along with the same EEOC letter. His second Complaint alleged, "The general manager dislike me as a worker and promoted disrespect upon my work efforts and character within the company and public." Compl. ¶ 9.C, Draper v. Muy Pizza Hut Southeast, LLC, et al., No. 4:17cv00042, ECF No. 2 (W.D. Va. June 23, 2017) [*sic* throughout]. Both of those actions were ultimately dismissed, either by the court or on Plaintiff's motion. See id., Notice of Voluntary Dismissal, July 12, 2017 [ECF No. 21].

Plaintiff's third action was against "Muy Pizza Southeast LLC," but included similar claims and the same EEOC letter. In that case, he alleged:

> Discriminatory actions were at fault within plaintiff prior filing procedures to the EEOC and internal company line regarding issues in the working environment. Manager's made employee signed drafter rules outside of the handbook terms and use it against employment procedures.

Compl. ¶ III, Draper v. Muy Pizza Southeast, LLC, et al., No. 4:17cv00056, ECF No. 2 (W.D. Va. Aug. 14, 2017) [*sic* throughout]. Owing to the fact that the 90-day limit to file his action had elapsed, the overall incomprehensibility of his allegations,[3] and his failure to allege with any particularity the so-called "discriminatory actions," I denied Plaintiff's IFP action. Id.

Two days after his third action was dismissed, Plaintiff filed his fourth and fifth actions against Muy Pizza Southeast LLC. The fourth alleged race discrimination under Title VII and included his Notice of Rights letter from the EEOC.[4] Draper v. Muy Pizza Southeast LLC, et al., No. 4:17cv00061 (W.D. Va. Aug. 18, 2017). The fifth stated that Plaintiff was proceeding under "TITLE 28 SECTION CODE 4101" and "TITLE 18 SECTION CODE 1001." Section 4101 of Title 28 defines terms such a defamation, domestic court, foreign court, foreign judgment, state, and United States person. 28 U.S.C § 4101 (2018). Title 18 is the criminal code, and 18 U.S.C. § 1001 criminalizes false statements "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States . . . ." 18 U.S.C. § 1001(a) (2018). Despite this, he included the same allegations as in his fourth case filings, along with the EEOC Notice of Rights letter.

In both his fourth and fifth cases, I granted his IFP application and dismissed both actions *with prejudice*, pursuant to 28 U.S.C. § 1915(e)(ii)(B)(2), given Plaintiff's unwillingness "to

---

[3] Plaintiff's "Stated Claim Information" began: "This is a descriptive defiance within observation of related theories or bias upon theory to stated claims." Stated Claim Information, Draper v. Muy Pizza Southeast, LLC, et al., No. 4:17cv00056, ECF No. 2-3 (W.D. Va. Aug. 14, 2017).

[4] Plaintiff also expressly stated that this action was a "request to file as a refile attempt" of his previously dismissed action. Letter to Presiding Judge, Draper v. Muy Pizza Southeast LLC, No. 4:17cv00061, ECF No. 2-1 (W.D. Va. Aug. 18, 2017).

correct the flaws with his filings . . . ." I instructed Plaintiff that he "may not re-file this action," and I further stated:

> I take this opportunity to advise Plaintiff that any future filings in any case in this court **must** comply with Federal Rule of Civil Procedure 11. Those that do not may result in monetary sanctions against Plaintiff.

Order, Draper v. Muy Pizza Southeast LLC, et al., No. 4:17cv00061, ECF No. 3 (W.D. Va. Aug. 22, 2013); Order, Draper v. Muy Pizza Southeast LLC, et al., No. 4:00062, ECF No. 3 (W.D. Va. Aug. 22, 2013). I hoped such a direct statement would appropriately rebuff Plaintiff from continuing with his vexatious course of action. I was wrong.

The sixth and seventh iterations came several months later. Case six began with a complaint against Muy Pizza Southeast LLC alleging violation of 18 U.S.C. § 1001 and a "Wrongful terminations claim:"

> Defendants worker gave material fact of saucing procedure among menu item preparation and video training acces point to employees corrects the material fact to what was enforced to be perform by the Defendant worker to the plaintff. Plaintiff administered victimisation in the incident and reported to the District Manager on the 15th of June 2016. . . . Defendant worker instructed plaintiff that due to excessive request a transfer to the Danville Store would conclude different working environment from complaint by plaintiff and it did not happen. Plaintiff later was terminated. . . . Defendant worker enforce procedure of garlic knots and again the video access correct procedure.

Compl. ¶ III, Draper v. Muy Pizza Southeast LLC, No. 4:18cv00012, ECF No. 2 (W.D. Va. Mar. 15, 2018) [*sic* throughout]. The issue with the saucing procedure echoed allegations made in his prior cases. After his IFP application was denied and the clerk was instructed to close the case, Plaintiff filed: Additional Evidence; Motion to Seal Answer to Order; Motion to Quash; Motion to Amend misnomer of complaint; Motion to Reopen Case and Informal Bill of Exception; and a Notice of Appeal regarding my Order denying his Motion to Reopen Case.

The seventh case was the straw that broke the proverbial camel's back. Filed the same day as his sixth case, Plaintiff utilized the court's form complaint for a breach of contract action. He alleged:

> Defendant worker impiled offer to plainitff of different store location for continuance employment from excessive complaint information and incidents reported by plaintiff. The store location was in Danville Virginia. . . . Plaintiff was continue to be placed on the schedule in the Ridgeway store location working among the hositle environment later to be terminated on 12/22/2016 because the plaintiff did not quite.

Compl. ¶ III, Draper v. Muy Pizza Southeast LLC, No. 4:18cv00013, ECF No. 2 (W.D. Va. Mar. 15, 2018) [*sic* throughout]. I denied his IFP application and issued an Order to Show Cause why he should not be sanctioned under Rule 11 and enjoined from further filings due to his abuse of the IFP statute. Show Cause Order, Draper v. Muy Pizza Southeast LLC, No. 4:18cv00013, ECF No. 4 (W.D. Va. Mar. 15, 2018). Plaintiff responded by filing Additional Evidence, a Motion to Seal Answer to Order, and a Motion to Amend Misnomer of complaint.

I held a hearing with Plaintiff on April 19, 2018, and inquired of Plaintiff why he felt his refusal to comply with the court's directives and insistence on pursing meritless cases did not warrant sanctioning him and enjoining him from filing further. Unsatisfied with his answers and unpersuaded that his conduct would cease, I informed him that he would be sanctioned and enjoined from filing *in forma pauperis* in the future. He left the hearing and filed a Motion requesting a "lie detector test upon the IFP committee and the direction of pinpointed misrepresentation on the court forwards inconclusive discussion by the IFP conclusions to applications of complaints will determine the results of the polygraph upon construed questionnaire." Letter Motion, Draper v. Muy Pizza Southeast LLC, No. 4:18cv00013, ECF No. 12 (W.D. Va. Apr. 19, 2018).

Plaintiff's filings in this case (and all his cases) are plainly frivolous. He cites irrelevant legal authority, rehashes argument previously rejected, and evidences an unwillingness to comply with the Court's directives. It is not objectively reasonable to believe, after being instructed not to re-file an action against a Muy Pizza (Hut) Southeast LLC, that Plaintiff's subsequent allegations raised new claims not already ruled on by the Court. He has clearly violated Rule 11 after being advised of its applicability. Accordingly, Plaintiff will be sanctioned four hundred dollars ($400.00), which represents to filing fee required to initiate a new civil action in this court.

b. Pre-Filing Injunction

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), federal courts are authorized to restrict access to litigants who repeatedly file frivolous or vexatious lawsuits. Haggins v. Tarwater, No. 3:13–cv–00050–MOC–DSC, 2013 WL 1319400, at *1 (W.D.N.C. Mar. 29, 2013); see also In re Burnley, 988 F.2d 1, 3–4 (4th Cir. 1992) (recognizing district court's power to impose limits upon those who abuse the judicial system). Further, district courts have "inherent power to control the judicial process and litigation" when necessary to address conduct that abuses the judicial process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). In Safir v. United States Lines, Inc., the Second Circuit identified five factors that district courts should consider when determining whether or not to restrict a litigant's future access to the courts:

> (1) [T]he litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5)

> whether other sanctions would be adequate to protect the courts
> and other parties.

792 F.2d 19, 24 (2d Cir. 1986). The ultimate question for the court "is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id.

In Cromer v. Kraft Foods North America, Inc., the Fourth Circuit adopted the Safir factors and supplemented them with additional guidance concerning the imposition of pre-filing injunctions. 390 F.3d 812 (4th Cir. 2004). In particular, the court warned that the "'use of such measures against a *pro se* plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" Id. at 818 (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)). Pre-filing injunctions are a "drastic remedy" that must be used sparingly and only when justified by exigent circumstances. Id. at 817–18. Litigants must be given notice and an opportunity to be heard, and the injunction must be "narrowly tailored to fit the specific circumstances at issue." Id. at 818–19.

As always, I am mindful of Plaintiff's status as a *pro se* litigant. Although *pro se* complaints involving civil rights issues should rightly be construed liberally, *pro se* complaints must still abide by minimum standards of rationality and specificity. With respect to the Court's inherent power to curb abuse of judicial process, there are no exceptions for *pro se* litigants. Haggins v. Tarwater, No. 3:13–cv–00050–MOC–DSC, 2013 WL 1319400, at *1 (W.D.N.C. Mar. 29, 2013) (citing Armstrong v. Koury Corp., 16 F.Supp.2d 616, 620 (M.D.N.C. 1998)).

After considering the Safir factors and Plaintiff's litigation history, I find the imposition of a pre-filing injunction to be an appropriate measure. Plaintiff has a considerable history of filing "vexatious, harassing or duplicative lawsuits," see Safir, 792 F.2d at 24, often filing multiple suits against the same party on the same day, and has provided no indication that he

intends to relent. While I cannot speak to Plaintiff's subjective motives in pursuing the litigation, I find it difficult to believe that he proceeds with "an objective good faith expectation of prevailing," particularly when he has been advised time and again not to re-file certain actions. See id. In Safir, the court found significance in the fact that "most of [the plaintiff's] claims have been resoundingly rejected by the courts." Id. Plaintiff, too, has been told repeatedly that his claims lack standing and merit. And yet, Plaintiff remains undeterred.

Plaintiff has proceeded *pro se* and sought *in forma pauperis* status in every one of his federal filings. To date, *none* of his cases have been allowed to proceed past ruling on his IFP application and review under 28 U.S.C. § 1915.[5] While this lessens any financial burden to Plaintiff associated with filing a lawsuit, it has "posed an unnecessary burden on the courts and their personnel." Id. Plaintiff has consumed considerable quantities of scarce judicial assets. For each complaint he files, court staff are confronted with the challenge of wading through often indecipherable claims, meritless filings and motions, and unsupported legal theories. For example, in his suit against several Virginia general district courts, Plaintiff cited the "Misrepresentation Act [of] 1967" as the federal statute at issue. "The Misrepresentation Act of 1967, however, is U.K. law and does not provide a right of action for Plaintiff." McCoy v. Mortgage Security Ctr., Civil No. 14-3643, 2015 WL 5542501, at *3 (D.N.J. Sept. 18, 2015).

In light of this pattern of conduct and the burden it places on the federal courts, I find that no other sanction "would be adequate to protect the courts and other parties." Safir, 792 F.2d at 24. Plaintiff has continued to initiate new civil actions regardless of the fact that nearly all of them have been adjudicated to be meritless. In addition, many of his lawsuits are repetition of the same allegations against the same parties. I therefore "cannot ignore the obvious fact that

---

[5] One of his cases was transferred to the appropriate jurisdiction (where his IFP application remains pending); several IFP applications in this district remain pending.

mere dismissal of this action will not hinder [Plaintiff] from initiating further similar proceedings." Id. His "abuse of the judicial process, despite his subjective conviction that he has suffered an unremedied injury, cannot be countenanced." Id. Ultimately, I find that the evidence leads inescapably to the conclusion that Plaintiff will "continue to abuse the judicial process . . . ." Id. I therefore find that the circumstances warrant the imposition of a pre-filing injunction to restrict Plaintiff's future federal litigation.

I am mindful of the Fourth Circuit's guidance that "even if a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." Cromer, 390 F.3d at 818 (citations omitted). Although my preferred method of dealing with abusive filings would be a pre-filing review process, see, e.g., Graham v. Riddle, 554 F.2d 133, 135 (4th Cir. 1977), the IFP statute essentially permits a pre-filing review. Plaintiff has abused that statute and expended scarce judicial resources doing so. Requiring one extra review process would not hinder him in the least. Accordingly, I believe the only appropriate response is to revoke Plaintiff's right to proceed IFP in the Western District of Virginia.

"In deciding to revoke [P]laintiff's IFP status, the Court considers 'the number, content, frequency, and disposition of [his] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history.'" Ruston v. U.S. Secret Service, 751 F. Supp. 2d 59, 61 (D.D.C. 2010) (quoting Butler v. Dep't of Justice, 492 F.3d 440, 446 (D.C. Cir. 2007)); see also In re Sindram, 498 U.S. 177 (1991) (per curiam); Blakely v. Wards, 738 F.3d 607, 612 (4th Cir. 2013); Tolbert v. Stevenson, 635 F.3d 646, 654 (4th Cir. 2011). Plaintiff has initiated, according to court records in the Western and Eastern Districts of Virginia, 33 cases in Virginia

(including cases initiated in federal court and cases initiated in state court and later removed to federal court).[6]  His complaints frequently retread ground already deemed meritless by the courts, and he often files multiple actions against the same defendant on the same day. Dismissals of his action do not deter him from re-filing frivolous suits, and every IFP application that judges in this district have ruled on has resulted in dismissal of his action.  In other words, in over 20 attempts,[7] Plaintiff has failed to allege a single, meritorious action.  Accordingly, revoking his right to proceed IFP is in order.  Accord Ruston, 751 F. Supp. 2d at 61–62 (revoking right to proceed IFP when a plaintiff had filed 21 civil actions in the last five years); Yancey v. Milwaukee Cnty. Sheriff, No. 10-Cv-42, 2010 WL 446083, at *3 (E.D. Wisc. Feb. 2, 2010)

Additionally, it is apparent that banning Plaintiff from proceeding IFP is the only remedy that would be tailored to end his abuses.  In the past, I have required enjoined parties to first obtain leave of court before filing any new civil action.  See, e.g., Rutledge v. City of Danville, Va., et al., No. 4:13cv00066, 2013 WL 6804697, at *9 (W.D. Va. Dec. 20, 2013).  That is my preferred method of dealing with vexatious filings.  In this case, however, such an injunction would not curb Plaintiff's filings; it would only "allow[] the barrage to continue, just with different labels on the filings."  Support Systems Int'l, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir. 1995)).  Banning Plaintiff from proceeding IFP is the only way to stop his abusive conduct.

Given that an injunction is necessary, the only remaining question is how long such an injunction should be imposed.  Courts have held that a lifetime ban on proceeding IFP is too long.  See Miller v. Donald, 541 F.3d 1091 (11th Cir. 2008).  A two-year injunction, however,

---

[6] This does not include cases brought in the Virginia state courts.

[7] One case was transferred to the appropriate district.  No ruling was made as to the merits of the underlying claim.

may be sufficient to curb Plaintiff's desire to make a federal case out of every slight. Accordingly, Plaintiff will be enjoined from proceeding IFP in the Western District of Virginia for a term of two years. "At the same time, in order to deter further frivolous filings by [Plaintiff], the court will also impose an order, effective for the next ten years, sanctioning [Plaintiff $300] . . . for every case [Plaintiff] files that is dismissed as frivolous for lack of subject matter jurisdiction, untimeliness, or failure to state a claim—unless the judge so dismissing clearly states that there was a good[-]faith argument against dismissal." Yancey, 2010 WL 446083, at *3.

### III. CONCLUSION

For his violation of Rule 11, Plaintiff will be sanctioned four hundred dollars ($400), which represents the filing fee for a new civil action. The court will not accept any new cases from Plaintiff until the sanction is paid in full.

Plaintiff has a history of filing frivolous lawsuits in the federal courts. Given this history of frivolous litigation, I find it likely that Plaintiff will "continue to abuse the judicial process . . . ." See Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

For the foregoing reasons, a Pre-Filing Injunction will be imposed on Plaintiff. In accordance with that order, Plaintiff will be enjoined as follows:

1) For a period of two years, Plaintiff is barred from proceeding *in forma pauperis* in this district in any future matter except habeus corpus cases and cases over which the federal court arguably has subject matter jurisdiction involving claims of imminent danger of serious bodily injury;

2) For a period of ten years, Plaintiff shall be fined $300 for every case he files in this district that is dismissed, pursuant to 28 U.S.C. § 1915, as frivolous, or for lack of subject matter jurisdiction, untimeliness, or failure to state a claim—unless the judge so dismissing clearly states that there was a good-faith argument against dismissal;

3)     Plaintiff, or anyone acting on his behalf, is hereby required to submit a copy of the Pre-Filing Injunction and this Memorandum Opinion as a necessary component of any new civil action filed in this district; and

4)     Plaintiff will not be permitted to file *any* new action in the Western District of Virginia until the sanctions imposed herein for his violation of Rule 11 is paid in full.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to Plaintiff.

Entered this 27th day of April, 2018.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE